## JAMES A. ABORN vs. PARDON BOSWORTH.

In an action upon a lost bill of exchange, the plaintiff may put in his own affidavit to prove the loss.

The holder is not entitled to recover upon a lost bill, without first proving that the bill was destroyed, or unendorsed, or so endorsed, that no third party could recover upon it.

The fact that a bill is lost, is an excuse for delay in making a demand upon the drawee, but for no more than reasonable delay.

A bill drawn in one State upon a resident of another, is a foreign bill, and the failure on the part of the holder to have it protested for non-payment is a discharge of the drawer, unless the drawer had no funds in the hands of the drawee and no authority to draw the bill.

THIS was an action upon a lost bill of exchange, dated at Apalachicola, March 4, 1847, drawn upon John Hart, of Alabama, and payable to James A. Aborn, or order, on presentment. In its transmission to the agent of J. A. Aborn, the bill was lost on board a steamer. Demand was made upon the drawee, June 17, 1847, and payment refused. No protest was made for non-payment, nor did it appear conclusively that the drawer had any effects in the hands of the drawee, or was authorized to draw upon him.

MANCHESTER, for the plaintiff.

TILLINGHAST & BRADLEY, for the defendant.

GREENE, Chief Justice, charged the Jury.

This is an action against the drawer of a bill of exchange payable at sight, and declared upon as lost. The rule of Law is, that the plaintiff, after proving the contents of the lost bill as it is declared upon, may put in

his own affidavit to prove its loss. His affidavit is only evidence of the loss. If the evidence satisfies you that such a bill as is described was drawn and lost, you will then proceed to the other points in the case ; for, though the bill is lost, the right to recover is not always lost with it. The holder is generally entitled to recover, if his recovery does not put the drawer in a worse position than he would have been if the bill had not been lost. If there is risk, it should fall upon the party through whose negligence or misfortune the bill was lost, and not upon the drawer. As a general proposition, it is not enough to prove loss ; unless the bill was either destroyed, or so endorsed, or so left without endorsement, that the finder or any subsequent holder could not recover upon it. There should be no risk that the drawer may be called upon to pay the same bill twice. Such would be the case if the bill was destroyed. The destruction must be proved by the plaintiff, not merely guessed or suspected. He must either show the fact of destruction itself, or other facts from which you can legally infer it. The counsel for the plaintiff argues, that its destruction may be inferred from lapse of time and want of interest. These are facts for you to consider. But the proof ought to be such as will satisfy your minds. If you find that the bill was not destroyed, you will then determine whether the bill was unendorsed, or so endorsed that no third party could recover upon it. If the bill had no endorsement, or if it was specially endorsed to the party to whom it was sent, then no third person can interpose a claim. But the burthen of proving these facts is on the plaintiff, and you must decide them from the evidence introduced.

Another defence is the delay in making the demand upon the drawee and the want of protest. The fact that

James A. Abern *vs.* Pardon Bosworth.

the bill is lost is an excuse for delay, but for no more than reasonable delay. The holder was bound to exercise reasonable diligence, and to make a reasonable presentment of his claim as upon a lost bill. If there has been a want of such diligence the drawer is not liable. If there was reasonable diligence, then, since the bill was a foreign bill, drawn in one State upon a resident of another, a protest is requisite. The failure upon the part of the holder to protest the bill is a discharge of the drawer. The notarial protest and certificate is the proper evidence, all the world over, of the demand and notice of payment. But the plaintiff contends that the drawer had no funds in the hands of the drawee and no authority to draw the bill. This, if true, is a perfect answer to the want of protest. For if he had no funds and no authority to draw, he had no right to expect payment, and the drawing was an imposition upon the payee. But the plaintiff must prove that there were no funds and no authority to draw.

Besides the count upon the lost bill, the plaintiff has declared upon the money counts. But this makes his case no stronger. The money counts are supported by the bill, and if the case fails upon the bill it must upon the money counts.